UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKLIN DUNCAN, individually, and CYNTHIA DUNCAN, individually, both as marital community,<br><br>          Plaintiffs,<br><br>     v.<br><br>VICTOR JAY GRANT, individually and d/b/a RCB INVESTIGATIONS; CITY OF LIBERTY LAKE, a municipal government; CLINT GIBSON, individually,<br><br>          Defendants. | NO: 12-CV-0219-TOR<br><br>ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND |

BEFORE THE COURT is Plaintiffs' Expedited Motion for Remand for Lack of Subject Matter Jurisdiction (ECF No. 64). Also before the Court are the parties' Stipulated Motions for Fed R. Civ. P. 41(a)(2) Dismissal of 42 U.S.C. § 1983 Claims (ECF Nos. 63, 93) and accompanying Motion on Shortened Time for Hearing Stipulated Fed. R. Civ. P. 41 Dismissal of 42 U.S.C. § 1983 Claim (ECF

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 1

1  No. 62). This matter was heard with oral argument on May 28, 2013. Marcia
2  Marie Meade appeared on behalf of the Plaintiff. Michael E. McFarland, Jr.
3  appeared on behalf of Defendants City of Liberty Lake and Clint Gibson. John
4  Charles Riseborough appeared on behalf of Defendant Victor Jay Grant. The
5  Court has reviewed the briefing and the record and files herein, and is fully
6  informed.

## BACKGROUND

8  On February 27, 2012, Plaintiffs filed a Complaint in Spokane County
9  Superior Court alleging excessive force and wrongful arrest under 42 U.S.C. §
10 1983; and state law claims of negligence, assault, battery, false imprisonment, false
11 arrest, malicious prosecution, the tort of outrage, negligent infliction of emotional
12 distress, and intentional infliction of emotional distress. ECF No. 2. On April 25,
13 2012 Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a).
14 ECF No. 1. In support of removal, Defendants properly represented that this Court
15 had original jurisdiction over Plaintiff's federal § 1983 claims pursuant to 28
16 U.S.C. § 1331.

17 A Scheduling Order was issued by the Court on July 17, 2012. ECF No. 24.
18 On December 10, 2012, Plaintiffs withdrew his claims of damages for wage loss
19 and earning capacity. ECF No. 29. On March 26, 2013, Defendants filed a
20 motion to compel Rule 35 examinations, which the Court denied as moot on April

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. §
1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 2

26, 2013 due to Plaintiffs' agreement to undergo said examinations. ECF No. 36, 51. On April 18, 2013, Defendants filed a motion to exclude Plaintiffs' identification of expert witnesses. ECF No. 45. Plaintiff did not respond to this motion, nor did they identify expert witnesses. On May 6, 2013, Plaintiffs filed their first notice of "Plaintiffs' Withdrawal of 42 U.S.C. § 1983 Claims and Request to Remand to State Court." ECF No. 53. On May 8, 2013, the Court granted Defendants' motion to preclude expert witnesses as they were not timely disclosed under the terms of the Scheduling Order. ECF No. 59. On the same day, Defendants filed a declaration indicating they agreed to dismissal of the 42 U.S.C. § 1983 claims, but did not agree to remand of the remaining state law claims. ECF No. 58 at ¶ 6. Presently before the Court is a stipulated motion to dismiss the 42 U.S.C. § 1983 claims, and Plaintiffs' motion to remand the remaining state law causes of action.[1]

DISCUSSION

**A. Stipulation to Dismissal of Plaintiff's 42 U.S.C. § 1983 Claims**

Pursuant to the parties' stipulation, the Court will dismiss Plaintiffs' federal

---

[1] In the interim between the filing of Plaintiffs' motions presently before the Court and the hearing on this matter, the Court granted in part Defendants' renewed motion to compel a Rule 35 examination after Plaintiff's failure to appear at the agreed upon examination as scheduled. ECF No. 70, 84.

causes of action **with prejudice** and without cost to any party. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); ECF Nos. 58, 60, 61, 63, 93. Having dismissed all federal claims, the Court turns to whether it will exercise its discretion to retain supplemental jurisdiction over Plaintiffs' remaining state law claims.

**B. Remand**

Federal jurisdiction depends upon the circumstances that exist at the time of removal without regard to subsequent amendments. *Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "Once a federal court acquires removal jurisdiction over a case, it also acquires jurisdiction over pendent state law claims. Dismissal of federal claims does not deprive a federal court of the power to adjudicate the remaining state law claims." *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir. 1990)(internal citations omitted). Rather, when a case is properly removed pursuant to federal question jurisdiction, and the federal claims are subsequently dismissed from the lawsuit, the district court's decision to retain supplemental jurisdiction over the pendent state law claims is discretionary. *See* 28 U.S.C. § 1367(c); *Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 936-38 (9th Cir. 2003), *amended on other grounds* at 350 F.3d 916 (9th Cir. 2003)("Supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction.").

When deciding whether to exercise supplemental jurisdiction over pendent

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 4

state law claims, a district court "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity…." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As stated by the Supreme Court and echoed by the Ninth Circuit, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. at 350 n.7. However, the interests of judicial economy, convenience, fairness, and comity may sometimes best be served by retention of jurisdiction in federal court, such as instances "where the trial date is imminent or the federal court has performed a substantial amount of legal analysis that would need to be repeated by a state court if the case were remanded." *Miller v. Bay Area Rapid Transit Dist*., 236 F. Supp. 2d 1110, 1116 (N.D. Cal. 2002). The court may also consider whether the plaintiff engaged in any "manipulative tactics" in deciding whether to remand a case. *See Baddie v. Berkeley Farms*, 64 F.3d 487, 490-91 (9th Cir. 1995)(differentiating between manipulation and a "straight-forward tactical decision")

    As an initial matter, the Court is compelled to note that Plaintiffs fail to identify the proper legal basis for a remand in these particular circumstances. First, Plaintiffs argue that the Court must remand the case as a matter of law because the dismissal of the federal claims automatically deprives it of subject matter

jurisdiction. ECF No. 64 at 1-2.  This misstates the applicable legal rule.  Plaintiff does not dispute that removal based on federal question jurisdiction was proper at the time it was accomplished.[2]  *See* ECF No. 1. Thus, "[o]nce supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand…." *Albingia*, 344 F.3d at 938.  Next, Plaintiffs cite to several Supreme Court cases ostensibly to support their argument that the Court no longer has subject matter jurisdiction over the state law claims after the federal claims are dismissed.  *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); *Gunn v. Minton*, 133 S.Ct. 1059 (2013).  However, in both *Grable* and *Gunn*, the Court was considering whether "original jurisdiction" existed over state law claims that implicate federal issues, not whether a court properly exercised its discretion to retain supplemental jurisdiction over state law claims.  *See Grable*, 545 U.S. at 312-13; *Gunn*, 133 S.Ct. at 1064-65.  Thus, any reliance on these cases to support remand in this case is inapposite.

Despite their failure to identify the proper legal basis for remanding this case, Plaintiffs do make several arguments as to why "economy, fairness and

---

[2] Plaintiff emphasizes that there is no diversity among the parties. ECF No. 64 at 2; ECF No. 82 at 3.  However, Defendants removed the action based solely on federal question jurisdiction, not diversity jurisdiction. ECF No. 1; *see also* 28 U.S.C. § 1441(a).  Therefore, this argument is inapposite.

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 6

convenience equally support's [sic] remand to state court." [3] ECF No. 82 at 5. First, Plaintiffs argue that the case has proceeded "with little involvement of the Court but for the original Case Scheduling Order."  Plaintiffs also somewhat contradictorily maintain that considerable discovery remains uncompleted in this case due to unavailability of Defendants' witnesses, while also conceding that [a]ll parties have endeavored to make matters work within the scheduling parameters of all persons." ECF No. 82 at 5-6, n.1.  According to Plaintiffs, the discovery that has and will be conducted would be applicable in the state court action and therefore "the cost is the same for the Defendants." ECF No. 82 at 7.  Moreover, Plaintiffs argue that the proceedings would not necessarily be delayed if the matter is remanded to state court.  ECF No. 82 at 9.  Last, Plaintiffs make a plea to the Court to remand the state law claims for the sake of Mr. Duncan's emotional well-

---

[3] Plaintiffs also take a considerable amount of time to recount the "facts" of the case as they see them, seemingly in support of the instant motion.  *See* Duncan Decl., ECF No. 77; Andres Decl., ECF No. 79. The Court notes that Plaintiffs' version of events are heavily disputed by Defendants (ECF No. 85 at 3-5), and Plaintiffs offer no legal authority to support how their recitation of the alleged events surrounding their claims is relevant to the Court's determination of whether to remand the state law claims.

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 7

being and peace of mind.[4]  ECF No. 82 at 7-9; Duncan Decl., ECF No. 77 at 5-10.

Defendants respond that judicial economy, fairness and convenience weigh in favor of the Court continuing to exercise supplemental jurisdiction over the state law claims.  The Court agrees.  This case has been pending for over a year and a large amount of discovery has already been completed in anticipation of the July 1, 2013 discovery cut-off deadline.  Trial is scheduled to commence on November 4, 2013, and despite Plaintiffs' insistence that there *may* not be unreasonable delays in state court, the Court finds Defendants would unfairly suffer extended delays if this case is remanded to state court.  They have already waited over a year to try this case, after diligently pursuing discovery, and would likely wait another year if they start over in state court.  Furthermore, while the Court has not expended a great deal of resources up to this point, it has ruled on motion practice and discovery issues, and developed a familiarity with the facts of this case.  The Court finds nothing unique or complex about the pendent state law claims in this case that would weigh in favor of remand.  The federal and state claims have similar burdens of proof; and the state claims arise out of the exact same facts as the

---

[4] Mr. Duncan expands upon this reasoning with background including: his bad experiences with the Social Security Administration, lack of financial resources, and belief that he will have more "control" over the action in state court.  ECF No. 77 at 5-10.

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 8

federal causes of action.

Plaintiffs waited over a year after this case was properly removed to dismiss their federal claims and seek remand to state court. The instant motions were filed only days before the Court granted Defendants' unopposed motion to preclude Plaintiffs from identifying expert witnesses. This timing raises the suspicion of an improper attempt by Plaintiffs to manipulate the forum. *Carnegie*, 484 U.S. at 357 ("[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case."). Plaintiffs deny any manipulation and contend they withdrew their claims before the Court officially ruled on the motion to preclude expert witnesses, and the withdrawal of the federal claims is "consistent [with his] pattern of reasoning when viewed in light of his withdrawal of his earning capacity loss claims." ECF No. 82 at 11. While the Court declines to find explicit manipulation by Plaintiffs, it finds the timing of the instant motions weighs against remand in the interest of fairness and judicial economy for all parties.

As a final note, while the Court is not unsympathetic to Mr. Duncan's plea for remand based on concerns for his safety and mental well-being in federal court, Plaintiffs offer no authority under which a Court has chosen to remand a case on these grounds. Nor is it appropriate for the Court to consider testimony from

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 9

Plaintiff and other witnesses as to their version of the events surrounding this cause of action. (ECF Nos. 77, 79).  For all of these reasons, this is not the "usual" case identified by the Supreme Court in which the balance of factors points toward declining to exercise jurisdiction over pendent state law claims.  *Carnegie,* 484 U.S. at 350, n.7.  Under the present circumstances, the Court finds the issues of judicial economy, convenience, fairness and comity weigh against remand and in favor of the Court retaining supplemental jurisdiction over the state law claims.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Expedited Motion for Remand for Lack of Subject Matter Jurisdiction (ECF No. 64) is **DENIED**.

2. Stipulated Motion for Fed R. Civ. P. 41(a)(2) Dismissal of 42 U.S.C. § 1983 Claims (ECF Nos. 61, 63 and 93) are **GRANTED**.  Plaintiffs' federal claims against all Defendants are **DISMISSED with prejudice** and without costs to any party.

3. Plaintiffs' Motion on Shortened Time for Hearing Stipulated Fed. R. Civ. P. 41 Dismissal of 42 U.S.C. § 1983 Claim (ECF No. 62) is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.      **DATED** May 28, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING STIPULATED DISMISSAL OF PLAINTIFFS' 42 U.S.C. § 1983 CLAIMS AND DENYING PLAINTIFFS' MOTION FOR REMAND ~ 10