UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKLIN DUNCAN, individually, and CYNTHIA DUNCAN, individually, both as marital community,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>VICTOR JAY GRANT, individually and d/b/a RCB INVESTIGATIONS; CITY OF LIBERTY LAKE, a municipal government; CLINT GIBSON, individually,<br><br>　　　　　　　　Defendants. | NO: 12-CV-00219-TOR<br><br>ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE |

BEFORE THE COURT are the following motions: (1) Defendant Victor Jay Grant's Motion to Dismiss Plaintiff's Claim of Negligent Misrepresentation (ECF No. 97); (2) Defendants City of Liberty Lake's and Clint Gibson's Motion for Partial Summary Judgment (ECF No. 102); and (3) Defendants City of Liberty Lake's and Clint Gibson's Motion to Strike Declarations (ECF No. 123). This

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 1

matter was heard with oral argument on September 12, 2013.  Marcia M. Meade

appeared on behalf of the Plaintiffs.  Jordan C. Urness and Michael E. McFarland

appeared on behalf of Defendants. The Court has reviewed the briefing and the

record and files herein, and is fully informed.

## PROCEDURAL HISTORY

Plaintiffs Franklin Duncan and Cynthia Duncan sued Defendants Victor

Grant, City of Liberty Lake, and Clint Gibson in Spokane County Superior Court.

ECF No. 98-3 at 4.  Plaintiffs alleged claims of negligence, outrage, breach of the

peace, negligent misrepresentation, violation of civil rights, and negligent infliction

of emotional distress against Defendant Victor Grant. Against Defendants City of

Liberty Lake and Clint Gibson, Plaintiffs alleged claims of violation of Mr.

Duncan's civil rights under 42 U.S.C. § 1983, false arrest, false imprisonment,

malicious prosecution, outrage, negligent infliction of emotional distress,

intentional infliction of emotional distress, assault, and battery.  *Id.* at 4, 14.

Defendants Gibson and City of Liberty Lake removed the action to federal court on

April 25, 2012.  EFC No. 1.  On May 28, 2013, the Court granted the parties'

stipulated dismissal of Plaintiffs' 42 U.S.C. § 1983 claims against the City of

Liberty Lake and Gibson, and denied Plaintiffs' motion to remand for lack of

subject matter jurisdiction.  ECF No. 95.  On July 25, 2013, the Court granted

Plaintiffs' motions to voluntarily dismiss their claims for intentional infliction of

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 2

emotional distress (ECF No. 99), negligent infliction of emotional distress (ECF No. 100), and outrage (ECF No. 101).  ECF No. 114 at 1-2.

Defendant Victor Grant now moves to dismiss Plaintiffs' claim of negligent misrepresentation against him. Defendants City of Liberty Lake and Clint Gibson move for summary judgment on Plaintiffs' claims of false arrest, false imprisonment, malicious prosecution, and negligent supervision, and on the issue of causation with regard to Mr. Duncan's injuries. Defendants City of Liberty Lake and Clint Gibson further move to strike portions of the declarations of Nathaniel Duncan and Franklin Duncan.

Plaintiffs failed to file a Statement of Disputed Facts as required by local rule.  Under Local Rule 56(b) "[a]ny party opposing a motion for summary judgment must file with its responsive memorandum a statement in the form prescribed in (a), setting forth the specific facts which the opposing party asserts establishes a genuine issue of material fact precluding summary judgment.  Each fact must explicitly identify any fact(s) asserted by the moving party which the opposing party disputes or clarifies."  Local Rule 56(d) provides that "[i]n determining any motion for summary judgment, the Court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth in (b)."  Here, Plaintiffs failed to file a responsive memorandum identifying

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 3

1  disputed facts.  Instead, Plaintiffs merely provided two declarations opposing the

2  Defendants' motions.  *See* ECF Nos. 115 and 116.  The Court accordingly accepts

3  Defendants' undisputed statement of facts with exceptions as noted.

4                                    FACTS

5          On February 10, 2010, Liberty Lake Police responded to two 911 calls

6  reporting an altercation between Victor Grant, who was attempting to repossess a

7  vehicle, and Franklin Duncan, the father of the vehicle's owner.  ECF No. 103 at 2-

8  3.  Mr. Duncan reported that Mr. Grant had assaulted him and broken his finger.

9  *Id*. at 3.  Mr. Grant reported that Mr. Duncan had assaulted him.  *Id*. at 2.

10         The parties dispute exactly what happened before the officers arrived.  The

11  officers and Mr. Duncan agree that Mr. Duncan's hand was injured when he put

12  his hand near the towing chain hook and Mr. Grant tightened the chain, crushing

13  his hand between the chain and the car.  ECF No. 103 at 13; ECF No. 116 at 4-5.

14  Mr. Duncan also claims that Mr. Grant pepper-sprayed him and threatened him

15  with a gun.  ECF No. 116 at 5, 8.

16         Upon their arrival, responding officers Chief Brian Asmus, Sergeant Clint

17  Gibson, and Detective Ray Bourgeouis assessed the situation and spoke with Mr.

18  Grant, his partner Brandie Claussen, and Mr. Duncan.  ECF No. 103 at 3.  The

19  officers also obtained written statements from Zachariah, Nathaniel, and Laramie

20  Duncan, Mr. Duncan's adult children.  *Id*. at 4.

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 4

The officers determined from these interviews that Mr. Duncan had reached into Mr. Grant's tow truck, taken the keys from the ignition, refused to give them to Mr. Grant, and threw them onto a terrace.  ECF No. 103 at 5-9.  Mr. Grant also told officers that Mr. Duncan had put his hands on Mr. Grant's neck and had pushed him.  *Id*. at 9.  Ms. Claussen told officers that Mr. Duncan had struck her jaw with his elbow when he was taking the keys from the ignition, and officers observed red marks on her cheek.  *Id*. at 10.  The officers reported that Mr. Grant and Ms. Claussen seemed very credible, corroborated each other's accounts, and had red marks consistent with their account of what had happened.  *Id*. at 11-12.  Based on this information, the officers believed they had probable cause to arrest Mr. Duncan for vehicular trespass and for assault. *Id*. at 4, 9.

During the arrest of Mr. Duncan, he claims that Defendant Gibson took his left hand and arm and forced it against his back, causing "searing" pain.  ECF No. 116 at 16.  Officer Asmus also grabbed Mr. Duncan's arm.  *Id*. at 16.  Mr. Duncan claims that the police kicked the back of his legs and he fell with his left hand under him, then he felt a TASER in his side, causing extreme pain.  *Id*. at 17.  Defendant Gibson claims that he put pressure against the back of Mr. Duncan's knees to force him to the ground, and when Mr. Duncan attempted to rise, he used the TASER on Mr. Duncan's kidney area then neck.  ECF No 106-1 at 7.  Mr.

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 5

Duncan claims that the officers lifted him by his pants and the handcuffs affixed to his hands to put him in the back of the police car.  ECF No. 116 at 17-18.

DISCUSSION

**A. Motion to Dismiss Plaintiff's Claim of Negligent Misrepresentation**

Defendant Grant moves to dismiss Plaintiffs' claim of negligent misrepresentation on grounds that Defendant Grant has immunity under RCW § 4.24.510 ("anti-SLAPP statute").  ECF No. 97 at 1-2.  The question before the Court is whether Defendant Grant's comments to the police officers, which formed the basis of the Plaintiffs' claim of negligent misrepresentation, fall within the protection of the anti-SLAPP statute, entitling Defendant Grant to immunity from liability for those statements.

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.  *Id.*  The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences.  *Id.*

Washington's anti-SLAPP statute provides that "[a] person who communicates a complaint or information to any branch or agency of federal, state,

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 6

or local government…is immune from civil liability for claims based upon the

communication to the agency or organization regarding any matter reasonably of

concern to that agency or organization." RCW § 24.4.510. Washington's statute is

broader than traditional anti-SLAPP legislation. *Rowe v. Lowe*, 173 Wash. App.

253, 261 (2012). To obtain immunity for civil actions, a defendant need only

demonstrate that "he communicated to law enforcement concerning a matter within

their responsibility." *Rowe*, 173 Wash. App. at 261-62. Enforcement of the state's

laws is a matter of concern for law enforcement agencies. *Id.* at 261 ("There is no

doubt that enforcement of the state criminal laws is a matter of concern for the

Columbia County Sheriff's Office."). The statute's immunity does not extend only

to good faith reports. *Id.* at 262.[1]

Here, Defendant Grant's potential liability for negligent misrepresentation

arose out of statements he made to Liberty Lake Police Officers upon their

response to the scene of the altercation with Mr. Duncan. ECF No. 98-3 at 8. The

---

[1] "Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith." RCW § 4.24.510. Defendant noted during the hearing that he was not pursuing statutory damages for violation of the statute at this time, but requested costs and attorney's fees. That request has not been fully briefed, yet. *See* ECF Nos. 145 and 146.

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 7

Liberty Lake Police Department, by the statute's plain language, falls under the broad category of "any branch . . . of local government." The officers were responding to two 911 calls in which each party had reported the other's assaultive conduct. ECF No. 98-1 at 2. No facts before the Court contradict that Defendant Grant made statements to the police officers regarding the assault. The question in evaluating the anti-SLAPP statute's effect is not what the Court believes the officers should have done, but whether the Defendant's statements to the officers forming the basis of the negligent misrepresentation claim regarded a matter "reasonably of concern" to the officers. The officers' role is to uphold the state's laws; communications to the officers about the altercation were relevant to the officers' enforcement of laws prohibiting assault. Thus, even taken in the light most favorable to the Plaintiffs, Defendant Grant's statements to the officers, as in *Rowe*, fall within the intended immunity from civil liability under Washington's anti-SLAPP statute.

Plaintiffs' counsel informed the Court at oral argument, for the first time, that the negligent misrepresentation claim should be dismissed. Accordingly, Plaintiffs' claim of negligent misrepresentation will be dismissed.

**B. Partial Motion for Summary Judgment**

Defendants City of Liberty Lake and Clint Gibson move for summary judgment on several of Plaintiffs' claims: (1) false imprisonment and false arrest,

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 8

ECF No. 102 at 4; (2) malicious prosecution, ECF No. 102 at 7; (3) negligent supervision, ECF No. 102 at 15; and (4) the causal link between Defendants' actions and Mr. Duncan's injuries, ECF No. 102 at 16.

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*. The Court views the facts, and all rational

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 9

1    inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

2    *Harris*, 550 U.S. 372, 378 (2007).

3        1. False Arrest and False Imprisonment

4        Defendants Liberty Lake and Gibson move to dismiss Plaintiffs' false arrest

5    and false imprisonment claims on grounds that the officers' actions were supported

6    by probable cause, which is a complete defense.  ECF No. 102 at 4-5.  The

7    Defendants argue that the officers had probable cause to believe that Mr. Duncan

8    violated the car prowling statute, RCW § 9A.52.100.  *Id.* at 6. Defendants further

9    argue that the officers had probable cause to arrest Mr. Duncan for assault. *Id*. at

10    9.  The question before the Court is whether the officers had probable cause to

11    arrest Mr. Duncan.

12        Under Washington law, "probable cause is a complete defense to an action

13    for false arrest, false imprisonment, and malicious prosecution."  *McBride v. Walla*

14    *Walla Cnty.*, 95 Wash. App. 33, 38 (1999).  "Probable cause exists where the facts

15    and circumstances within the arresting officer's knowledge and of which he has

16    reasonably trustworthy information are sufficient in themselves to warrant a *man of*

17    *reasonable caution* in a belief that an offense has been or is being committed."

18    *Rodriguez v. City of Moses Lake*, 158 Wash. App. 724, 729 (2010) (internal

19    quotations omitted) (emphasis in original).  "It is a reasonableness test, considering

20    the time, place, and circumstances, and the officer's special expertise in identifying

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 10

criminal behavior." *McBride,* 95 Wash. App at 38.   "In a false arrest action, the rule is that 'unless the evidence conclusively and without contradiction establishes the lawfulness of the arrest, it is a question of fact for the jury to determine whether an arresting officer acted with probable cause.'" *Id.* (quoting *Gurno v. Town of LaConner*, 65 Wash. App. 218, 223 (1992)).

Generally, police officers may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the officer's presence.  RCW § 10.31.100.   However, there is an exception for cases in which the officer has probable cause to believe that the person has committed a misdemeanor "involving physical harm or threats of harm to any person or property or the unlawful taking of property…."  RCW § 10.31.100(1).   Fourth degree assault and vehicular prowling are gross misdemeanors.  RCW § 9A.36.041; RCW § 9A.52.100.

Here, taken in the light most favorable to the non-moving party, the undisputed evidence supports a finding that the officers had probable cause to believe the Mr. Duncan had committed a gross misdemeanor as defined by RCW § 10.31.100(1).  Plaintiffs do not appear to dispute that Defendant Grant reported to the officers that Mr. Duncan had pushed him, grabbed his neck, and took his keys from his vehicle.  ECF No. 98-2 at 2-3.  Mr. Grant's report was sufficient for the officers to believe at minimum that Mr. Duncan had committed fourth degree

assault, which is a misdemeanor "involving physical harm" to another person.  The

Court notes that the question is not whether the officers should have also arrested

Mr. Grant; rather, the inquiry centers on the officers' probable cause with regard to

Mr. Duncan. Thus, based on this conclusive and uncontradicted record, the

officers' probable cause for arrest provides a defense to the claims of false arrest

and false imprisonment.  These claims will be dismissed.

   2. Malicious Prosecution

      Defendants move for summary judgment on Plaintiffs' claim of malicious

prosecution, arguing that the officers had probable cause to submit their reports to

the prosecuting attorney for review, which is fatal to Plaintiffs' claim.  ECF No.

102 at 8.

      "Malicious prosecution actions are not favored in law."  *Rodriguez v. City of*

*Moses Lake*, 158 Wash. App. 724, 728 (2010) (citing *Hanson v. City of Snohomish*,

121 Wash.2d 552, 557 (1993)).  To establish the common-law tort of malicious

prosecution, a plaintiff must show:

   (1) that the prosecution claimed to have been malicious was instituted
   or continued by the defendant; (2) that there was want of probable
   cause for the institution or continuation of the prosecution; (3) that the
   proceedings were instituted or continued through malice; (4) that the
   proceedings terminated on the merits in favor of the plaintiff, or were
   abandoned; and (5) that the plaintiff suffered injury or damage as a
   result of the prosecution.

*Id.* at 729. In a malicious prosecution action, malice and lack of probable cause constitute the "gist." *Id.* "Probable cause is a complete defense to malicious prosecution." *Id.* "A prima facie case of want of probable cause is established by proof that the proceedings were dismissed in favor of the plaintiff, but that prima facie proof may be rebutted by the defendant's evidence*." Youker v. Douglas Cnty.*, 162 Wash. App. 448, 461 (2011) (citing *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wash.2d 485, 498-99 (1942)). "[P]robable cause is deemed established as a matter of law with respect to a given defendant if it clearly appears that the defendant provided the prosecuting attorney with a full and fair disclosure, in good faith, of all the material facts known to him or her, and the prosecutor thereupon preferred a criminal charge and caused arrest." *Id.* "[I]f any issue of fact exists as to whether a malicious prosecution defendant fully and truthfully communicated all the material facts and circumstances, then the issue of fact must be submitted to a jury with proper instructions as to what constitutes probable cause, and the jury determines the issue." *Id*. at 463.

Here, though the record is unclear as to the charges with which Mr. Duncan was prosecuted and how the City of Liberty Lake pursued the matter, the record does not support Plaintiffs' claim of malicious prosecution. The police report indicates that Mr. Duncan was booked into jail on two counts of simple assault, resisting/interfering with police, and vehicle prowling. ECF No. 106-1 at 2. The

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 13

Defendants' Statement of Undisputed Material Facts supports a finding that the officers had probable cause to arrest Mr. Duncan for vehicle prowling because he took the keys from Mr. Grant's truck and did not give them back. ECF No. 103 at 4-5. It also supports a finding that the police officers had probable cause to arrest Mr. Duncan for assault because Mr. Grant reported that Mr. Duncan pushed him and put his hands on Mr. Grant's neck, and because Ms. Claussen reported that Mr. Duncan struck her with his elbow. ECF No. 103 at 9-13.

Though Plaintiffs did not file a responsive memorandum, Mr. Duncan's Declaration indicates that he did not shove Mr. Grant or attempt to strangle him, nor did he strike Ms. Claussen. ECF No. 116 at 6. However, the officers reasonably based their decision to arrest Mr. Duncan on what they were told at the scene and what they personally observed, *see* ECF No. 103; and presumably they based whatever recommendation they made for prosecution on that same information. It is undisputed that Mr. Grant and Ms. Claussen told officers that Mr. Duncan assaulted them, and the officers based their decision to arrest Mr. Duncan on their inquires at the scene. Mr. Duncan's declaration seems to imply that the officers' failure to pursue charges against Defendant Grant is proof of malicious prosecution. However, the question of whether the police had probable cause to believe that Mr. Duncan had committed a crime is unrelated to whether

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 14

Defendant Grant also committed a crime.  The malicious prosecution claim will be dismissed.

Defendants Liberty Lake and Gibson argue that, even if there was not probable cause for Plaintiff's arrest, the officers are entitled to qualified immunity against the claims of false arrest, false imprisonment, and malicious prosecution. ECF No. 102 at 14.  Under Washington law, "[g]overnment officials performing discretionary functions are entitled to qualified immunity from civil liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable official would have been aware." *Feis v. King Cnty. Sheriff's Dep't,* 165 Wash. App. 525, 539 (2011).  Because the Court has disposed of the malicious prosecution, false imprisonment, and false arrest claims above, it declines to consider the qualified immunity defense.

### 3. Claim of Negligent Supervision

Defendants move for summary judgment on Plaintiffs' claim of negligent supervision on grounds that negligent supervision[2] can occur only if the employee is acting outside the scope of employment, which was not the case here.

---

[2] The Court notes that Plaintiffs also have a general allegation of negligence, not just negligent supervision. Thus, the Court's ruling only concerns Plaintiffs' negligent supervision claim.

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 15

A claim of negligent supervision must show that "(1) an employee acted outside the scope of his or her employment; (2) the employee presented a risk of harm . . . ; (3) the employer knew, or should have known in the exercise of reasonable care that the employee posed a risk to others; and (4) that the employer's failure to supervise was the proximate cause of injuries . . . ." *Briggs v. Nova Services*, 135 Wash. App. 955, 966-67 (2006).

Here, Plaintiffs have not alleged facts sufficient to meet the elements of a negligent supervision claim. Plaintiffs' amended complaint alleges that "[t]he actions, inactions and decisions of Defendant Clint Gibson . . . were made within the scope of his employment with the Defendant City of Liberty Lake as a police officer. . . ." ECF No. 98-3 at 3. The City admits that Sgt. Gibson was acting within the scope of his employment at all times during his interaction with Mr. Duncan. ECF No. 102 at 15. Thus, the first element of the cause of action is not supported. Nor have Plaintiffs alleged that the City knew or should have known that these employees posed a risk of harm, as required under the third element. *See* ECF No. 98-3.  Nor have Plaintiffs demonstrated a causal link between the alleged "failure to use reasonable and ordinary care in supervising" and the Plaintiff's injuries as required under the fourth element. *See* ECF No. 98-3.  Plaintiffs therefore have failed to make a sufficient showing with respect to essential

1  elements of their case. Accordingly, Defendants' motion for summary judgment on

2  this claim will be granted.

3      4. Causal Relationship Between Officers' Actions and Plaintiff's Injuries

4      Defendants move for summary judgment on Plaintiffs' claim that the police

5  officers injured Mr. Duncan's wrist and aggravated his finger injury on the grounds

6  that Plaintiffs lack required medical testimony to support this claim.  ECF No. 102

7  at 16.  The question before the Court is whether Mr. Duncan's own statement

8  about his injuries can support an inference of causation.

9      "When a plaintiff seeks recovery for physical conditions allegedly resulting

10  from injuries inflicted by the wrongful act of a defendant, the plaintiff must

11  produce sufficient evidence to establish with reasonable certainty a causal

12  relationship between the injury and the subsequent condition."  *Leak v. U.S.*

13  *Rubber Co.*, 9 Wash. App. 100-101 (1973).  This relationship may be established

14  by either direct or circumstantial evidence. *Id*. It "is established with reasonable

15  certainty when the jury may decide the issue without indulging in speculation and

16  conjecture." *Id*. "Medical testimony is necessary when the causal relationship is

17  not clearly disclosed by the circumstantial evidence." *Id*.

18      Though the Plaintiffs did not file a responsive memorandum, they did file

19  Mr. Duncan's declaration in opposition.  Here, Mr. Duncan's medical records are

20

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 17

Case 2:12-cv-00219-TOR    Document 150    Filed 10/01/13


1  not in the record,[3] but Mr. Duncan's declaration provides support for a causal link

2  between the officers' actions and the increase in pain to his injured left ring finger.

3  He stated that the officers grabbed his injured left hand and twisted it behind his

4  back, causing him "searing pain" pain "beyond anything [he] could imagine."

5  ECF No. 116 at 16.  Defendants concede that Mr. Duncan's left ring finger was in

6  fact fractured.  ECF No. 102 at 18; *see also* ECF No. 104-13 at 11.  Thus, the

7  evidence before the Court demonstrates an injury and the injured party's testimony

8  links the officers' actions to an increase in pain.

9      Similarly, Mr. Duncan's testimony supports a causal link between the

10  officers' actions and his right wrist pain. Mr. Duncan reported feeling that his wrist

11  "blasted into pain" during his encounter with the police.  ECF No. 116 at 18.

12  Defendants note that Mr. Duncan's April 15, 2010, wrist x-ray did not show any

13  evidence of an acute injury.  ECF No. 102 at 18.  While this rules out injuries that

---

[3] Defendants submitted the independent medical examination report of Patrick

Bays, D.O.  ECF No. 104-13.  This report references Dr. Mullen's treatment of Mr.

Duncan, but Plaintiff has not submitted Dr. Mullen's records or his deposition

testimony.  Curiously, Plaintiffs' counsel read from Dr. Mullen's deposition

transcript during the hearing on these motions.  However, Plaintiffs' counsel

withdrew this reference to Dr. Mullen's testimony after the hearing.  ECF No. 133.

would appear on an x-ray; it does not conclusively show that Mr. Duncan did not sustain some pain to his wrist. Dr. Bays' medical records review acknowledges a diagnosis on February 10, 2010, as including "right wrist sprain." ECF No. 104-13 at 10. Thus, the evidence before the Court supports a right wrist sprain, and Mr. Duncan's testimony indicates a causal link with the officers' actions. Mr. Duncan's testimony about both injuries therefore provide support for his claim that officers inflicted pain. Because there remains a factual dispute on a material issue, summary judgment is inappropriate.

### C. Motion to Strike

Defendants City of Liberty Lake and Clint Gibson move to strike portions of the Declarations of Nathaniel Duncan (ECF No. 115) and Franklin Duncan (ECF No. 116) on grounds that they contradict prior deposition testimony and are not admissible under evidentiary rules. EFC No. 123.

As noted above, the Court may only consider evidence that would be admissible at trial. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002). However, the court has discretion to strike inadmissible evidence filed in support of a summary judgment motion. *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006). Here, the Court has not considered inadmissible evidence in making its determinations. Therefore, Defendants' motion to strike is denied as moot.

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 19

**D. Other matters**

   1. <u>Plaintiffs' Failure to File a Timely Responsive Memorandum</u>

   Defendants additionally argue that Plaintiffs' failure to file a responsive memorandum as directed by Local Rule 7.1(b) should be regarded as consent to grant the City's motion.  ECF No. 22 at 3.  Under LR 56.1 "[a]ny party opposing a motion for summary judgment must file with its responsive memorandum a statement in the form prescribed in (a), setting forth the specific facts which the opposing party asserts establishes a genuine issue of material fact."  Local Rule 7.1(d) states that "[t]he failure to comply with the requirements of 7.1(a) or (b) may be deemed consent to the entry of an Order adverse to the party who violates these rules."  However, the Ninth Circuit recently held that Federal Rule of Civil Procedure 56 "prohibits a district court from granting a motion for summary judgment by default based upon a local rule when an opposing party fails to respond."  *Heinemann v. Satterberg*, No. 12-35404, slip op. at 3 (9th Cir., Sept. 24, 2013).  Here, Plaintiffs did not file a responsive memorandum. Plaintiffs did, however, file declarations in opposition to the motions to dismiss and for summary judgment.  ECF Nos. 115 and 116.  In light of their declarations and the Ninth Circuit's recent holding, the Court declines to invoke the default remedy provided by local rule.

///

2. <u>Violations of Local Rules May Incur Sanctions</u>

Plaintiffs' counsel concedes she has not complied with the local rules in opposing Defendants' motions. Plaintiffs' counsel has caused the Court to labor unnecessarily, impacting its busy docket. Local Rule 83.3(i)(3) allows the Court to impose sanctions:

> The violation of or failure to conform to any of the Local Rules of this Court shall subject the offending party and/or his attorney, at the discretion of the Court, to appropriate discipline, including the imposition of sanctions, attorney fees and costs as the Court may deem proper under the circumstances.

**Accordingly, Plaintiffs' counsel is cautioned that future violations of the Local Rules may subject her to personal liability.**

///

///

**IT IS HEREBY ORDERED:**

1. Defendant Victor Jay Grant's Motion to Dismiss Plaintiff's Claim of Negligent Misrepresentation (ECF No. 97) is **GRANTED**.

2. Defendant Liberty Lake and Clint Gibson's Motion for Summary Judgment (Partial) (ECF No. 102) is **GRANTED** in part and **DENIED** in part.

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MOTION TO STRIKE ~ 21

1    3.  Defendant Liberty Lake and Clint Gibson's Motion to Strike (ECF No.

2        123) is **DENIED**.

3    The District Court Executive is hereby directed to enter this Order and

4 provide copies to counsel.

5    **DATED** October 1, 2013.



THOMAS O. RICE
United States District Judge

ORDER RE: MOTION TO DISMISS; MOTION FOR PARTIAL SUMMARY
JUDGMENT; AND MOTION TO STRIKE ~ 22